FILED

2007 Mar-05  AM 11:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
BERNARD WILKERSON,            }
                              }
      Plaintiff,              }
                              }      CIVIL ACTION NO.
v.                            }      05-AR-1761-S
                              }
THE CITY OF BIRMINGHAM, et    }
al.,                          }
                              }
      Defendants.
```

## <u>**MEMORANDUM OPINION**</u>

Before the court is the Report and Recommendation (the "Report") of the magistrate judge, to which plaintiff, Bernard Wilkerson ("Wilkerson"), has timely objected. In the Report, the magistrate judge recommends that the motion of defendants, the City of Birmingham and Timothy Zimmerman ("Zimmerman"), for summary judgment, be granted.

Under Rule 72(b), Fed. R. Civ. P. and 28 U.S.C. § 636(b)(1), the district court is required to review *de novo* the magistrate judge's Report to the extent objections are made to it. Deeming Wilkerson's objection as addressed to the Report as a whole, the court will consider the motion for summary judgment *de novo*, treating the Report as a well done brief *amicus curiae* or as a proposed opinion.

For the reasons that follow, this court adopts the Report as its opinion. The court will accordingly grant defendants' motion for summary judgment.

## I. Facts

The facts in this case are strange and tragic.  In short, on October 27, 2004, Wilkerson, in the throes of an epileptic seizure, attacked Zimmerman, a police officer of the City of Birmingham, who defended himself by shooting Wilkerson.  Wilkerson suffered serious injury and partial paralysis.  For purposes of this opinion, the court adopts, in its entirety, the extensive recitation of undisputed facts in the Report.

The attempt by the parties to establish a record is complicated by the fact that Wilkerson, according to his deposition testimony, has no recollection whatsoever of the events surrounding the shooting.  He is, therefore, unable to contest the affidavit submitted by Zimmerman, whose sworn account provides the sole basis for determining the pertinent facts.  Given that Wilkerson can present no evidence to refute Zimmerman's testimony, no disputed issue of material fact exists.

In an unsuccessful attempt to contest Zimmerman's account, Wilkerson characterizes his conduct, as described by Zimmerman, as inconsistent with his past behavior during epileptic episodes. Even if this court were to accept this characterization as true, it still does not refute Zimmerman's testimony about Wilkerson's conduct on **this** occasion.  Therefore, Wilkerson's statement about his past behavior does not establish a disputed material fact.  The same is true for the security video.  The Report's description of the video, which was viewed by this court, is wholly accurate and,

as stated therein, "[n]one of the action viewable on the tape contradicts the affidavit of Officer Zimmerman." Report, 16.

The Report's conclusion that no material disputed fact exists was not subtracted from by the inconsistency between Wilkerson's deposition testimony and the assertion in his affidavit that he did not make any threatening gestures towards Zimmerman. As the Report properly concludes, Wilkerson's second statement must be excluded because "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins and Assocs. v. U.S. Industries, Inc.*, 736 F.3d 656, 657 (11th Cir. 1984). In other words, if Wilkerson, as he admitted during his deposition, is entirely without recollection of the incident (a mental state consistent with the contention that he was in the midst of an epileptic seizure), he cannot make the assertion that he did not act so threateningly towards Zimmerman as to cause the deadly reaction.

## II. Constitutional and State Law Claims

Zimmerman invokes the defense of qualified immunity for all constitutional claims brought against him. Zimmerman also asserts discretionary function immunity provided by Alabama law as a defense to Wilkerson's state law claims. The Report concluded, and this court agrees, that, on the basis of these defenses, Zimmerman

is entitled to summary judgment on all Wilkerson's claims.

### III. Claims Against the City of Birmingham

The Report recommends that the City of Birmingham be granted summary judgment on Wilkerson's claim brought under 42 U.S.C. § 1983.   The Report concludes that Wilkerson failed to establish either a "policy" or "custom" of unconstitutional action as required by *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).  The court agrees that the requirements imposed by *Monell* have not been met and that the City is entitled to summary judgment.

### IV. Conclusion

For the reasons stated above, Zimmerman and the City of Birmingham are entitled to summary judgment, and the court will grant defendants' motion by a separate order.

DONE this 5th day of March, 2007.


WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE